18-CV -6090 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLENE ALOE,

Plaintiff,

-against-

THE CITY OF NEW YORK and CORRECTION OFFICERS "JANE DOES #1-5" Correction Officers as yet unidentified in their official and individual capacities,

Defendants.

**DEFENDANT CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Katherine J. Weall*
*Tel: (212) 356-5055*
*Matter #: 2018-093906*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT OF THE FACTS ............................................................................................. 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT

    POINT I

        PLAINTIFF'S CLAIMS AGAINST THE "JANE DOE" OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS ................................................................. 3

    POINT II

        PLAINTIFF'S STATE LAW CLAIMS ARE UNTIMELY ................................................................................. 8

    POINT III

        PLAINTIFF'S POSSIBLE MONELL CLAIM FAILS AS PLEADED ............................................................. 8

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES
**Cases**                                                                                                                         **Pages**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..................................................................................................................2

Aslanidis v. U.S. Lines, Inc.,
    7 F.3d 1067 (2d Cir. 1993) .........................................................................................................4

Azurite Corp., Ltd. v. Amster & Co.,
    844 F. Supp. 929 (S.D.N.Y. 1994) .............................................................................................2

Barrow v. Wethersfield Police Dep't,
    66 F.3d 466 (2d Cir. 1995) ......................................................................................................4, 5

Bender v. City of N.Y.,
    14 Civ. 4386 (LTS) (GWG),
    2015 U.S. Dist. LEXIS 16002 (S.D.N.Y. Feb. 10, 2015)........................................................6, 7

Blake v. Race,
    487 F.Supp.2d 187 (E.D.N.Y. 2007) ..........................................................................................4

Boggs v. Town of Riverhead,
    No. 2:17-cv-05411 (ADS) (SIL),
    2018 U.S. Dist. LEXIS 190772 (E.D.N.Y. Nov. 7, 2018)....................................................... 4-5

Buran v. Coupal,
    87 N.Y.2d 173, 638 N.Y.S.2d 405 (1995).................................................................................7

Casciani v. Nesbitt,
    659 F. Supp. 2d 427 (W.D.N.Y. 2009).......................................................................................2

Ceara v. Deacon,
    916 F.3d 208 (2d Cir. 2019) .......................................................................................................5

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)...................................................................................................................2

City of Okla. City v. Tuttle,
    471 U.S. 808 (1985)...................................................................................................................9

Colson v. Haber,
    No. 13-CV-5394 (JG)(CLP),
    2016 U.S. Dist. LEXIS 6881 (E.D.N.Y. Jan. 20, 2016) .............................................................7

Cruz v. City of N.Y.,
    232 F. Supp. 3d 438 (S.D.N.Y. 2017) ....................................................................................3, 5

**Cases**                                                                                                                         **Pages**

Fahlund v. Nassau Cty. DA's Office,
   No. 16-cv-391(ADS),
   2017 U.S. Dist. LEXIS 109730 (E.D.N.Y. July 14, 2017)...............................................................7

Graham v. Connor,
   490 U.S. 386 (1979)........................................................................................................................9

Heinz-Wright v. City of N.Y.,
   2016 U.S. Dist. LEXIS 73600 (E.D.N.Y. June 3, 2016) ................................................................6

Hogan v. Fischer,
   738 F.3d 509 (2d Cir. 2013) ....................................................................................................4, 5, 7

Johnson v. City of N.Y.,
   No. 06-CV-630 (KAM) (ALC),
   2010 U.S. Dist. LEXIS 70207 (E.D.N.Y. July 13, 2010).................................................................9

Keesh v. Artuz,
   No. 97 Civ. 8417, 2008 U.S. Dist. LEXIS 59217 (S.D.N.Y. Aug. 6, 2008) ...............................3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986).........................................................................................................................2

Ormiston v. Nelson,
   117 F.3d 69 (2d Cir. 1997) ..............................................................................................................3

Owens v. Okure,
   488 U.S. 235 (1989).........................................................................................................................3

Pearl v. City of Long Beach,
   296 F.3d 76 (2d Cir. 2002) ..............................................................................................................3

Pendergraph v. City of Syracuse,
   No. 5:19-CV-0291 (NAM/TWD),
   2020 U.S. Dist. LEXIS 26928 (N.D.N.Y. Feb. 18, 2020) ..............................................................5

Pierson v. City of N.Y.,
   56 N.Y.2d 950, 439 N.E.2d 331 (1982)...........................................................................................8

Quaratino v. Tiffany & Co.,
   71 F.3d 58 (2d Cir. 1995) ................................................................................................................2

Roseboro v. Gillespie,
   791 F. Supp. 2d 353 (S.D.N.Y. 2011) .........................................................................................2-3

**Cases**                                                                                                                                 **Pages**

Scheja v. Sosa,
    4 A.D.3d 410, 771 N.Y.S.2d 554 (2d Dept. 2004) ........................................................................... 8

Sloane v. Town of Greenburgh,
    No. 01 Civ. 11551(MBM),
    2005 U.S. Dist. LEXIS 16107 (S.D.N.Y. July 27, 2005) ........................................................ 6-7

Smith v. New York,
    No. 17-CV-6344, 2019 U.S. Dist. LEXIS 41512 (W.D.N.Y. Mar. 14, 2019) ....................... 4, 5

Strada v. City of N.Y.,
    11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687 (E.D.N.Y. July 11, 2014) ........................ 6

Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp.,
    No. 03-CV-1414 (MP),
    2003 U.S. Dist. LEXIS 22655 (S.D.N.Y. Dec. 16, 2003) ...................................................... 2, 3

Tupaz v. City of N.Y.,
    10 Misc. 3d 1067(A), 814 N.Y.S.2d 565 (Civ. Ct. 2005) ............................................................ 8

Twin Laboratories, Inc. v. Weider Health & Fitness,
    900 F.2d 566 (2d Cir. 1990) ........................................................................................................ 2

Vasconcellos v. City of N.Y.,
    No. 12 Civ. 8445 (CM),
    2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2, 2014) ....................................................... 6, 7

Vasquez v. Lazar,
    No. 15-CV-8845 (KMK),
    2019 U.S. Dist. LEXIS 84771 (S.D.N.Y. May 16, 2019) ........................................................... 4

Weinstock v. Columbia Univ.,
    224 F.3d 33 (2d Cir. 2000),
    cert. denied, 540 U.S. 811 (2003) ............................................................................................... 2

Wheeler v. Buckley,
    No. 16-CV-7441 (KMK),
    2019 U.S. Dist. LEXIS 77526 (S.D.N.Y. May 7, 2019) ............................................................. 3

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 3, 5, 7, 8, 9 |
| Fed. R. Civ. P. 15 | 6 |
| Fed. R. Civ. P. 15(c) | 4, 6, 7 |
| Fed. R. Civ. P. 15(c)(1)(A) | 5 |
| Fed. R. Civ. P. 15(c)(1)(C) | 4, 5, 6 |
| Fed. R. Civ. P. 15(c)(1)(C)(ii) | 4 |
| Fed. R. Civ. P. 56(c) | 2 |
| Local Civil Rule 56.1 | 1 |
| N.Y. Gen. Mun. L. § 50-i(1) | 8 |
| New York Civil Practice Law § 203 | 6, 7 |
| New York Civil Practice Law § 203(c) | 6 |
| New York Civil Practice Law § 1024 | 7 |

Plaintiff asserts eleven causes of action – four federal (Counts 1-4) and seven state (Counts 5-10) – against the remaining defendants, The City of New York and the unidentified Jane Doe officers. Plaintiff's federal claims in Counts 1-4 fail because plaintiff has not named any individual officers who were personally involved in the alleged strip search, and the claims are now time-barred, and plaintiff's municipal liability claim against the City, to the extent one is even alleged, fails because it was inadequately pleaded and plaintiff did not conduct any discovery to support the claim anyway. Plaintiff's state law claims in Counts 5-10 fail because they are untimely. Accordingly, summary judgment should be granted, and this case dismissed with prejudice.

## STATEMENT OF THE FACTS

Plaintiff Marlene Aloe alleges that she was improperly searched while visiting her son, David Marrero, at the North Infirmary Command on Rikers Island on November 18, 2016. Defendant's Local Civil Rule 56.1 Statement, dated March 2, 2020 ("Def 56.1"), ¶¶1-3. Plaintiff claims that, on that date, she was forced into a bathroom where she was invasively searched. Def 56.1, ¶3. Plaintiff knew the name of one of the officers who allegedly searched her, and had known that name since "right after" the alleged strip-search on Nov. 18, 2016. Def 56.1, ¶4.

Plaintiff commenced this action by filing a complaint on July 5, 2018 naming, as defendants, The City of New York, The New York City Department of Correction ("DOC"), DOC Commissioner Cynthia Brann and Correction Officers "Jane Does #1-5". Def 56.1, ¶¶ 5-6. On April 17, 2019, an answer was interposed on behalf of the City, DOC and DOC Commissioner Cynthia Brann. Def 56.1, ¶7. The claims against the DOC and DOC Commissioner Cynthia Brann were subsequently dismissed leaving the City and the unidentified Jane Doe officers as the only remaining defendants. Def 56.1, ¶8. Plaintiff never amended her complaint to substitute any correction officers as defendants at any time in the place and stead of

a Jane Doe officer, nor has plaintiff moved to amend her complaint to name any correction officers, nor has plaintiff sought leave to make such a motion. Def 56.1, ¶9.

## LEGAL STANDARD

Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); Twin Laboratories, Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990). However, "this standard does not simply require the court to draw all inferences in the non-movant's favor, but [only] all reasonable inferences." Casciani v. Nesbitt, 659 F. Supp. 2d 427, 434 (W.D.N.Y. 2009) (emphasis added). In determining whether an inference is reasonable, the Court "need not…credit unsupported factual allegations and innuendos". Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp., No. 03-CV-1414 (MP), 2003 U.S. Dist. LEXIS 22655, at *2 (S.D.N.Y. Dec. 16, 2003), citing Azurite Corp., Ltd. v. Amster & Co., 844 F. Supp. 929, 936 (S.D.N.Y. 1994) (J. Sotomayor). Neither must the Court "make unreasonable inferences from circumstantial evidence proffered by [the] non-movant." Tai-Sun Plastic Novelties, 2003 U.S. Dist. LEXIS 22655, at *2.

To defeat a summary judgment motion, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come . . . 'to put up or shut up.'" (citations omitted)), cert. denied, 540 U.S. 811 (2003). "Speculative and conclusory allegations…are not enough to defeat summary judgment." Roseboro v. Gillespie, 791 F. Supp.

2d 353 (S.D.N.Y. 2011). Stated differently, "[t]he mere possibility that a factual dispute may exist is insufficient to overcome a convincing presentation by the moving party." Tai-Sun Plastic Novelties, 2003 U.S. Dist. LEXIS 22655, at *2.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CLAIMS AGAINST THE "JANE DOE" OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's federal claims against the Jane Doe officers arising out of the search must be dismissed because the statute of limitations has expired for those claims. In New York, § 1983 actions have a three-year statute of limitations, Owens v. Okure, 488 U.S. 235, 249-50 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997), and under federal law a claim arising out of an unlawful search accrues when the search was conducted. Wheeler v. Buckley, No. 16-CV-7441 (KMK), 2019 U.S. Dist. LEXIS 77526, at *10 (S.D.N.Y. May 7, 2019). The Complaint alleges the unlawful search occurred on November 18, 2016, Def 56.1, ¶¶1-3, and, accordingly, the limitations period for any claims arising from that unlawful search expired on November 18, 2019 - over three months ago.

Plaintiff's failure to timely name specific individuals in place of the Jane Doe officers within the three year limitation period bars plaintiff's federal claims against the Jane Doe officers as a matter of law. See Cruz v. City of N.Y., 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017) (granting summary judgment on claims against John Doe officers where plaintiff did not amend complaint to substitute named individuals within statute of limitations period); Keesh v. Artuz, No. 97 Civ. 8417, 2008 U.S. Dist. LEXIS 59217, at *6 (S.D.N.Y. Aug. 6, 2008) (dismissing complaint against Doe defendants where, "[e]ven after discovery, plaintiff ha[d] failed to identify" them);

- 3 -

Blake v. Race, 487 F.Supp.2d 187, 192 n. 1 (E.D.N.Y. 2007) (dismissing claims against Doe defendants where, "[t]hough discovery is complete in this case, plaintiff has failed to identify any of the unnamed defendants").

Moreover, "[a] plaintiff generally cannot use John Doe pleadings 'to circumvent statutes of limitations because[] replacing a John Doe with a named party in effect constitutes a change in the party sued.'" Smith v. New York, No. 17-CV-6344, 2019 U.S. Dist. LEXIS 41512, at *5 (W.D.N.Y. Mar. 14, 2019) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)). "Thus, John Doe substitutions may only be accomplished when the specifications of Federal Rule of Civil Procedure 15(c) are met, which governs the relation back of amendments." Id. (citing Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013)). Because plaintiff has never timely moved to amend her complaint to name the individual officers plaintiff's claims against them are time-barred, since, as demonstrated below the claim does not relate back to the original complaint.

"Rule 15(c)(1)(C) provides the federal standard for relation back." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). Under that rule, an amended complaint adding a new party relates back to the original complaint only if (in addition to other requirements not in issue here), the added party "knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). "[The Second] Circuit has interpreted the rule to preclude relation back . . . where the newly added defendants were not named originally because the plaintiff did not know their identities." Hogan, 738 F.3d at 517 (citation omitted); see also Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995) (same); Vasquez v. Lazar, No. 15-CV-8845 (KMK), 2019 U.S. Dist. LEXIS 84771, at *3 (S.D.N.Y. May 16, 2019); Boggs v. Town of Riverhead, No.

2:17-cv-05411 (ADS) (SIL), 2018 U.S. Dist. LEXIS 190772, at *13 (E.D.N.Y. Nov. 7, 2018); Smith, 2019 U.S. Dist. LEXIS 41512, at *7; Pendergraph v. City of Syracuse, No. 5:19-CV-0291 (NAM/TWD), 2020 U.S. Dist. LEXIS 26928, at *13 (N.D.N.Y. Feb. 18, 2020); cf Ceara v. Deacon, 916 F.3d 208, 211 (2d Cir. 2019) (applying Barrow to hold that the plaintiff made a mistake as to the proper party's identity, for purposes of Rule 15(c)(1)(C), where, *inter alia*, he misspelled the defendant's name in the case caption).

The "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Hogan v. Fischer, 738 F.3d 509, 517-518 (2d Cir. 2013) (quoting Barrow, 66 F.3d at 470). Accordingly, where a plaintiff fails to amend and name the Doe defendants in a § 1983 action within the limitations period, any amended complaint naming those individuals after the expiration of the statute of limitations cannot be said to relate back under Rule 15(c)(1)(C). Cruz, 232 F. Supp. 3d at 449. Here, since plaintiff herself knew the name of at least one of these Jane Doe officers since right after the alleged unlawful search, Def 56.1, ¶4, it is in clear that plaintiff's failure to name at least that individual defendant within the limitations period was not due to a mistaken identity, but rather, something else, and the failure to name the other Jane Doe officers was because she did not know their identities rather than a mistake. Plaintiff's claims do not relate back.

Rule 15(c)(1)(A) also concerns relation back. It "permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." Hogan, 738 F.3d at 518 (quotations omitted). In other words, an amended complaint relates back if New York law, which provides the applicable statute of limitations for § 1983 claims in New York, authorizes relation back. Courts examine "the controlling body of limitations law, and apply state law if it provides a more forgiving principle of relation back than the one provided by

Rule 15(c)." Heinz-Wright v. City of N.Y., 15 Civ. 3269 (RRM) (VMS), 2016 U.S. Dist. LEXIS 73600, at *5 (E.D.N.Y. June 3, 2016), citing FRCP 15, Advisory Comm. Notes 1991. But New York law does not save plaintiff's claims.

Under New York law, a party seeking relation back to a previously unknown defendant may utilize § 203 of the New York Civil Practice Law and Rules ("C.P.L.R."), New York's general relation back statute. Strada v. City of N.Y., 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *20 (E.D.N.Y. July 11, 2014). Under C.P.L.R. § 203:

> New York courts allow claims against a new defendant to "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

Strada, 2014 U.S. Dist. LEXIS 94687, at **21-23. However, "New York courts have held . . . that a plaintiff may not add a new defendant under … section [C.P.L.R. 203] unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'" Vasconcellos v. City of N.Y., No. 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429, at **16-17 (S.D.N.Y. Oct. 2, 2014) (collecting cases); see also Strada, 2014 U.S. Dist. LEXIS 94687, at **29-32. "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *17; see also Bender v. City of N.Y., 14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002, at **13-14 (S.D.N.Y. Feb. 10, 2015) ("The third prong of § 203(c) employs the same standard as the federal rule.") (quotations omitted) (citing Sloane v. Town of Greenburgh, No. 01 Civ. 11551(MBM), 2005 U.S. Dist. LEXIS

16107, at *3 (S.D.N.Y. July 27, 2005); Buran v. Coupal, 87 N.Y.2d 173, 179, 638 N.Y.S.2d 405 (1995) (noting that § 203 was largely modeled after Rule 15(c) of the Federal Rules of Civil Procedure)). "Accordingly, not knowing the identity of the John Doe officers does not constitute a 'mistake' under C.P.L.R. § 203. [As such], Plaintiffs' claims do not relate back under this provision." Colson v. Haber, No. 13-CV-5394 (JG)(CLP), 2016 U.S. Dist. LEXIS 6881, at *11 (E.D.N.Y. Jan. 20, 2016) (internal citations omitted); Fahlund v. Nassau Cty. DA's Office, No. 16-cv-391(ADS), 2017 U.S. Dist. LEXIS 109730, at *20 (E.D.N.Y. July 14, 2017); Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *17; Bender, 2015 U.S. Dist. LEXIS 16002, at *14.

A § 1983 amended complaint may also relate back under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendants by name; and, (2) the party must describe the John Doe parties in such form as will fairly apprise the parties that they are the intended defendants. Hogan, 738 F.3d at 518-519 (citations omitted). Here, what plaintiff has done is worse than exercising no diligence to learn the names of the Jane Doe defendants. Plaintiff has actually had the name of one of the officers who allegedly searched her since "right after" the alleged unlawful search.[1] Def 56.1, ¶4. Despite this, however, plaintiff inexplicably failed to timely amend her Complaint to name that officer as a defendant. And with respect to the other Jane Doe officers, no diligence was exercised and the complaint failed to describe them at all. Accordingly, because there is no evidence that plaintiff exercised *any* diligence, let alone due diligence, to name the Jane Doe officers before the limitations period expired, C.P.L.R. § 1024

---

[1] The City, for its part, denies that *any* correction officer unlawfully searched plaintiff.

does not permit amendment. Plaintiff's federal individual defendant claims in the first four causes of action must therefore be dismissed.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS ARE UNTIMELY

Plaintiff's sixth through tenth causes of action, which are brought under state law, fail because they are untimely. New York's General Municipal Law requires that a claim against New York City or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1). Here, the alleged conduct giving rise to plaintiff's claims occurred on November 18, 2016, yet, plaintiff did not file this lawsuit until July 5, 2018 - one year and two hundred and twenty-nine days after the incident. Def 56.1, ¶1-5, 10. Accordingly, her state law claims must be dismissed as untimely. Scheja v. Sosa, 4 A.D.3d 410, 410-411, 771 N.Y.S.2d 554, 555 (2d Dept. 2004) (fact that plaintiff filed a timely notice of claim does not save claim from dismissal where plaintiff failed to commence action within one year and ninety days after accrual of claim); Pierson v. City of N.Y., 56 N.Y.2d 950, 955, 439 N.E.2d 331, 333 (1982) ("With the expiration of the [50-i(1)] period of limitations comes the bar to any claim."); Tupaz v. City of N.Y., 10 Misc. 3d 1067(A), 814 N.Y.S.2d 565 (Civ. Ct. 2005) (dismissing case where plaintiff failed to commence action within one year and ninety days after claim accrued and noting court does not have jurisdiction to extend this date). The state law claims in Counts 5 – 10 thus cannot stand.

## POINT III

### PLAINTIFF'S POSSIBLE MONELL CLAIM FAILS AS PLEADED

In plaintiff's amorphous second cause of action for "deprivation of rights" under 42 U.S.C. § 1983, plaintiff uses the words "customs, usages, practices and procedures", as if she is

seeking to allege a claim for municipal liability. See Compl. ¶¶ 53-54. Whether she intends to allege such a claim is unclear, but regardless, such pleading is woefully insufficient. The claim fails.

First, this catch-all cause of action fails because under federal law, a claim for deprivation of rights under 42 U.S.C. § 1983 is not a recognized claim and is subject to dismissal. Graham v. Connor, 490 U.S. 386, 393-94 (1979) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."); Johnson v. City of N.Y., No. 06-CV-630 (KAM) (ALC), 2010 U.S. Dist. LEXIS 70207, at *14 (E.D.N.Y. July 13, 2010) (dismissing general deprivation of constitutional rights claim, because plaintiff must assert specific constitutional violations). Second, it fails as a municipal liability claim because it is, quite obviously, insufficiently pleaded. Plaintiff provides no facts to support the notion that the individual defendants (of which there are none) acted pursuant to any policy, practice or custom, and a single incident (plaintiff's own) is not enough to support the existence of any such policy, custom or practice. City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell . . . ."). Moreover, plaintiff failed to conduct any Monell discovery in this case, Def. 56.1, ¶11, and therefore has nothing to rely upon in support of a municipal liability claim except her insufficient pleading. The claim quite clearly must be dismissed.

## CONCLUSION

Plaintiff cannot proceed as to any of her claims. This conclusion is inescapable. She failed to name any individual defendants, and cannot amend her complaint because the statute of limitations has elapsed. Her state law claims likewise fail because she failed to bring this lawsuit within one year and ninety days of the alleged unlawful search. And, her purported municipal

liability claim, if it can even be characterized as such, fails as a matter of basic pleading. Accordingly, the Court should not hesitate to dismiss this case with prejudice.

DATED:   New York, New York
           March 2, 2020

                                    JAMES E. JOHNSON
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for the Defendant*
                                    THE CITY OF NEW YORK
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-5055
                                    kweall@law.nyc.gov

                                    By: _____
                                        Katherine J. Weall