```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
MARLENE ALOE,                         :
                                      :
                          Plaintiff,  :      18cv6090 (DLC)
                                      :
             -v-                      :      OPINION AND ORDER
                                      :
THE CITY OF NEW YORK and CORRECTIONAL :
OFFICERS "JANE DOES #1-5" as yet      :
unidentified in their official and    :
individual capacities,                :
                                      :
                          Defendants. :
                                      :
------------------------------------- X
```

APPEARANCES:

For plaintiff Marlene Aloe:
Pamela Susan Roth
Law Office of Pamela S. Roth
2747 Coney Island Avenue
Brooklyn, NY 11235

For defendants the City of New York and
Correctional Officers Jane Does #1-5:
Katherine Jane Weall
New York City Law Department
100 Church Street, 4th Floor
New York, NY 10007

DENISE COTE, District Judge:

The defendants, the City of New York and several

unidentified New York City correctional officers, have moved for

summary judgment on plaintiff Marlene Aloe's civil rights claims

stemming from an alleged illegal search occurring at the Rikers

Island jail complex.  Aloe has failed to oppose the defendants'

motion.  Because the defendants have shown that Aloe is bound by

a settlement agreement in a related class action, her claims are barred by res judicata and the defendants are entitled to summary judgment.

## Background

As will be discussed in more detail in this Opinion, Aloe failed to oppose the defendants' motion for summary judgment. In response to the defendants' motion, she filed only a document styled as a counterstatement of material facts pursuant to Local Civil Rule 56.1 and did not file a memorandum of law or any supporting documentary evidence.  Because a district court "may not rely solely on [a] statement of undisputed facts" and "must be satisfied that the citation to evidence in the record supports [an] assertion" in a statement of undisputed facts, Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004), this Opinion relies on the documentary evidence submitted by the defendants in conjunction with their motion for summary judgment.

On November 18, 2016, Aloe attempted to enter the North Infirmary Command facility at the Rikers Island jail complex in order to visit her son, Severiano David Merrero.  She claims that, before she was permitted to enter the facility, several correctional officers forced her into a bathroom, instructed her to unbutton her pants, and touched her inappropriately under the

guise of conducting a search.  Aloe filed this civil rights
lawsuit on July 5, 2018.

Aloe's lawsuit is not the only case alleging invasive and
illegal searches of visitors to Rikers Island.  In Grottano, et
al. v. the City of New York, et al. ("Grottano"), 15cv9242
(RMB), the plaintiff brought federal and state civil rights
claims for monetary damages on behalf of a putative class of all
visitors to New York City correctional facilities who were
subject to invasive searches after November 23, 2012.[1]  On
October 30, 2019, the Grottano court conditionally approved a
settlement (the "Grottano Settlement").

The Grottano Settlement certified a class of all people
"who visited or attempted to visit an inmate housed at a New
York City Department of Correction (DOC) facility from November
23, 2012, to October 30, 2019, who was subject to an invasive
search."  Members of the class were entitled to money damages.
The Agreement prescribed a procedure for providing notice to
members of the class and required members of the class who
wished to opt out to do so by January 20, 2020.  The Agreement
provided that members of the class who failed to opt out by the
specified date "shall be bound by all subsequent proceedings,

---

[1] The Court takes judicial notice of the existence of filings in
Grottano.  See Rates Technology, Inc. v. Speakeasy, Inc., 685
F.3d 163, 166 n.3 (2d Cir. 2012).

orders, and judgments in this action."  Finally, the <u>Grottano</u>
Settlement provided that, upon settlement approval, <u>Grottano</u>
would be dismissed with prejudice.  A fairness hearing was held
in <u>Grottano</u> on October 28, 2021.  After the fairness hearing,
the <u>Grottano</u> Settlement was approved and <u>Grottano</u> was dismissed
with prejudice on November 29, 2021.

Aloe declined to opt out of <u>Grottano</u> by the deadline to do
so.  Counsel in <u>Grottano</u> engaged RG/2 Claims Administration
("RG/2"), a class action settlement administration firm, to
oversee class administration services.  As part of its duties,
RG/2 mailed notice of the proposed settlement to Aloe at her
last known address, which RG/2 had confirmed by reference to a
United States Postal Service change of address database.  The
notice sent to Aloe was not returned as undeliverable.  Aloe did
not return an opt-out statement to RG/2 by the deadline.
Conceding that she received the notice, Aloe claims in her Local
Rule 56.1 statement that she "believed she had opted out" by
returning the notice by mail.  But she provides no support for
that assertion, and in a sworn declaration, an RG/2
representative avers that no opt-out statement was received from
Aloe.

On April 23, 2021, the defendants moved for summary
judgment.  Pursuant to a March 23, 2021 stipulation of the

4

parties, Aloe was obligated to respond to the defendants' motion
for summary judgment by May 28, but she failed to respond.  In
an Order of June 2, the Honorable Vernon Broderick, to whom this
case was previously assigned, ordered Aloe to respond to the
defendants' motion for summary judgment by June 11 and noted
that if she failed to do so, the motion for summary judgment
would be deemed fully briefed.  On June 13, Aloe filed a
counterstatement to the Local Rule 56.1 statement filed in
conjunction with the defendants' motion for summary judgment but
made no other submission in opposition to the defendants'
motion.  Judge Broderick deemed the motion for summary judgment
to be fully briefed in an Order of June 16.  The case was
transferred to this Court on September 9.

## Discussion

Summary judgment may be granted "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a).  "A genuine dispute of material fact exists where
the evidence is such that a reasonable jury could decide in the
non-movant's favor."  Kee v. City of New York, 12 F.4th 150, 158
(2d Cir. 2021) (citation omitted).  "A fact is material if it
might affect the outcome of the suit under the governing law."

5

Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021)
(citation omitted).

    In considering a motion for summary judgment, a court "must
resolve all ambiguities and draw all permissible factual
inferences in favor of the party against whom summary judgment
is sought." Brooklyn Ctr. for Indep. of the Disabled v. Metro.
Transportation Auth., 11 F.4th 55, 61 (2d Cir. 2021) (citation
omitted). Where, as here, the nonmoving party has failed to
oppose the motion for summary judgment, the court must still
"examine [the] unopposed motion for summary judgment to
determine if [the moving party] has met its burden of
demonstrating that no material issue of fact remains for trial."
Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014) (citation
omitted).

    Although the defendants have moved for summary judgment on
several grounds, only one need be addressed to resolve their
motion: the defendants' assertion that the doctrine of res
judicata bars this action.[2] "The doctrine of res judicata, or

---

[2] The defendants did not raise the defense of res judicata in
their answer, even though res judicata is an affirmative defense
that must be stated in a responsive pleading. Fed. R. Civ. P.
8(c)(1). A district court nonetheless has the discretion "to
entertain the defense [of res judicata] when it is raised in a
motion for summary judgment, by construing the motion as one to
amend the defendant's answer." Monahan v. New York City Dep't
of Corr., 214 F.3d 275, 283 (2d Cir. 2000). Pursuant to this
rule, the defendants have requested that the Court construe

claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." In re Motors Liquidation Co., 943 F.3d 125, 130 (2d Cir. 2019) (citation omitted). "To determine whether the doctrine of res judicata bars a subsequent action," courts consider whether "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." Id. (citation omitted). "Suits involve the same claim (or 'cause of action') when they arise from the same transaction, or involve a common nucleus of operative facts." Cayuga Nation v. Tanner, 6 F.4th 361, 375 (2d Cir. 2021) (quoting Lucky Brand Dungarees v. Marcel Fashions Grp., 140 S.Ct. 1589, 1595 (2020)). "Absent a violation of due

---

their motion for summary judgment as a motion for leave to amend their answer to incorporate the defense of res judicata.

The motion for summary judgment is so construed and leave to amend is granted. Under the Federal Rules of Civil Procedure, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021) (citation omitted). Aloe has not opposed the motion for leave to amend, much less made the requisite showing of undue delay, bad faith, dilatory motive, or futility.

process or excusable neglect for failure to timely opt out, a
class-action settlement agreement binds all class members who
did not do so." In re Am. Exp. Fin. Advisors Sec. Litig., 672
F.3d 113, 129 (2d Cir. 2011).

The Grottano Settlement is a final judgment on the merits.
Grottano was resolved through a settlement agreement that
resulted in dismissal of the Grottano plaintiffs' claims with
prejudice.  "It is clear that a dismissal, with prejudice,
arising out of a settlement agreement operates as a final
judgment for res judicata purposes." Marvel Characters, Inc. v.
Simon, 310 F.3d 280, 287 (2d Cir. 2002).  It is equally clear
that a court in this District was competent to exercise
jurisdiction in Grottano, particularly since Aloe has asked a
court in the Southern District of New York to exercise
jurisdiction over claims involving overlapping facts and
defendants.

Aloe is a member of the Grottano Settlement class.  Her
claims stem from an alleged invasive search conducted at the
Rikers Island jail on November 18, 2016, and the Grottano court
certified a class of all people "who visited or attempted to
visit an inmate housed at a New York City Department of
Correction (DOC) facility from November 23, 2012 to October 30,
2019, who was subject to an invasive search."  Indeed, she does

8

not dispute that she is a member of the Grottano Settlement
class.  Because she is encompassed by the definition of the
class certified in Grottano, she is a party to Grottano and
bound by its preclusive effect without a showing either that she
opted out of the Grottano class, excusable neglect justifies her
failure to timely opt out, or that her due process rights would
otherwise be violated by binding her to the Grottano Settlement.

The defendants have presented evidence -- a declaration
from the settlement administrator in Grottano -- that Aloe is
not among those who opted out of the Grottano Settlement.
Aloe's Local Rule 56.1 statement asserts that she "believed she
opted out of the Grottano class action" by mailing the requisite
notice to the settlement administrator, but this statement does
not create a dispute of material fact.  Aloe provides no
documentation to support her claim beyond the bare assertion in
her Local Rule 56.1 statement.  Because a court "may not rely
solely on [a] statement of undisputed facts" to find a dispute
of material fact sufficient to defeat summary judgment, Vermont
Teddy Bear, 373 F.3d at 244, the assertion in her Local Rule
56.1 statement cannot create a dispute of material fact.

Moreover, her conclusory assertion that she opted out of
the Grottano class action would not be sufficient to create a
dispute of material fact even if it had been properly presented

9

to the Court outside of a Local Rule 56.1 statement:  a party
cannot demonstrate "the existence of a genuine issue of fact to
be tried merely by making assertions that are based on
speculation or are conclusory." S. Katzman Produce Inc. v.
Yadid, 999 F.3d 867, 877 (2d Cir. 2021).  In sum, Aloe has not
opted out of the Grottano Settlement and has not even suggested
that her failure to opt out was the result of excusable neglect.[3]
And she has not shown that, for some other reason, binding her
to the Grottano Settlement would violate due process.

Finally, Aloe's claims and the claims at issue in Grottano
involve the same causes of action because they share "a common
nucleus of operative facts." Cayuga Nation, 6 F.4th at 375.  In
determining whether a follow-on lawsuit shares the same common
nucleus of operative facts as an earlier lawsuit, courts
consider "(1) whether the underlying facts are related in time,
space, origin, or motivation; (2) whether the underlying facts
form a convenient trial unit; and (3) whether their treatment as
a unit conforms to the parties' expectations." Soules v.
Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d

---

[3] Nor could she credibly argue that her failure to opt out was
the result of excusable neglect.  The defendants have presented
uncontroverted evidence that she received the notice by mail.
Moreover, Aloe's claim that she returned the opt-out statement,
while insufficient to create a dispute of material fact,
necessarily implies that she received notice of the Grottano
Settlement and was aware of the notice's legal import.

52, 55 (2d Cir. 2018) (citation omitted).  Aloe's claims and the

<u>Grottano</u> claims involve related facts that would form a

convenient trial unit: both are premised on allegations of

improper and invasive searches of visitors to Rikers Island and

other New York City jails within a certain time period.  Similar

evidence -- such as video recordings and written records of

searches, testimony from correctional officers and their

supervisors, and New York City Department of Corrections

training materials -- would be relevant to proving both sets of

claims.  And because both sets of claims involve the same facts

and Aloe was on notice that her claims were covered by the

<u>Grottano</u> class action, treatment as a unit would conform to the

parties' expectations.

## Conclusion

Aloe's claims are barred by the preclusive effect of the

<u>Grottano</u> Settlement.  Summary judgment is therefore awarded to

the defendants.  The Clerk of Court shall enter judgment for the

defendants and close this case.


Dated:    New York, New York
          November 29, 2021


_____
             DENISE COTE
      United States District Judge

11